In the Matter of CHARLES F. CADIEUX, Appellant, against JAMES MACDUFF, as Commissioner of Motor Vehicles, Respondent.

Third Department, April 4, 1956.

*Ross E. Brown* for appellant.

*Jacob K. Javits, Attorney-General (Philip J. Fitzgerald* and *James O. Moore, Jr.,* of counsel), for respondent.

COON, J. Petitioner was arrested on September 13, 1953, and charged with driving while intoxicated. On October 7, 1953, the charge was reduced to reckless driving in violation of section 58 of the Vehicle and Traffic Law, and petitioner entered a plea of guilty to the reduced charge and paid a fine of $70. On March 22, 1954, the Commissioner of Motor Vehicles revoked petitioner's operator's license and suspended, pending proof of

financial responsibility, his certificate of registration. The "cause" of the revocation as recited in the order of the Commissioner was: "Convicted on 10/7/53 at Justice Court, Town of Morristown, New York of violation of Section 58 of the Vehicle and Traffic Law — Reckless driving." Upon these undisputed facts petitioner challenges the power of the commissioner to revoke his license without a hearing. The power of the commissioner is the only issue. It is not claimed that petitioner was not properly advised and warned in Justice Court pursuant to section 335-a of the Code of Criminal Procedure, nor is it claimed that there was an abuse of discretion by the commissioner.

Section 71 of the Vehicle and Traffic Law deals with revocations and suspensions and provides in subdivision 1 that the commissioner, among others, has the power to revoke or suspend "as provided herein." Subdivision 2 of section 71 provides for mandatory suspensions and revocations for a conviction of certain specified violations, and for a third or subsequent conviction within eighteen months of certain other violations. A single conviction for reckless driving is not included as a ground for mandatory revocation. Subdivision 3 of section 71 provides for permissive suspensions and revocations and, among other things, provides that a license may be suspended or revoked "(a) For any violation of the foregoing provisions of this chapter * * * as shall, in the discretion of the officer acting hereunder, justify such revocation or suspension;" (thus including reckless driving). The same section provides: "Where revocation or suspension is permissive, the holder shall have an opportunity to be heard except where such revocation or suspension is based solely on a court conviction or convictions".

Appellant advances the ingenious argument that if the commissioner revokes solely on the basis of one conviction for reckless driving he is making no distinction between one and three violations, and is making no distinction between the permissive and mandatory provisions of the statute. We do not adopt that view. In the first place the effect of a mandatory and permissive revocation is different. Upon a mandatory revocation the holder may not apply for a new license for a period of six months, whereas in case of a permissive revocation the waiting period is only thirty days. (§ 71, subd. 5.) When the action is mandatory, revocation is required; when permissive, either revocation or suspension for a definite period is permitted.

It seems clear from the portions of the statute quoted that the Legislature intended to vest the commissioner with discretion to consider the type of conviction, the nature and flagrancy of the

violation, and to determine whether suspension, revocation or neither was justified. Then if it was determined that the conviction justified a revocation, the Legislature has expressly provided that no hearing is necessary. Such a procedure does no violence to " due process " because the petitioner has had a court hearing upon his conviction and the statute expressly authorizes a court review of the commissioner's acts if they are claimed to be arbitrary or an improper exercise of discretion, which here they are not. (*Anderson Nat. Bank* v. *Luckett,* 321 U. S. 233; *Matter of Heart* v. *Fletcher,* 184 Misc. 659.)

It appears here that it is the policy of the commissioner to investigate the arrest reports and surrounding circumstances and then, in the exercise of his discretion, to revoke, suspend or take neither action upon the conviction itself. Such procedure is clearly authorized by the statute. To hold otherwise would necessitate a hearing in every case based upon a single conviction in permissive cases, although the Legislature has expressly said that no hearing is necessary where the action was based solely on a court conviction, as the order of revocation shows was the case here.

The order should be affirmed, without costs.

FOSTER, P. J., BERGAN, HALPERN and GIBSON, JJ., concur.

Order affirmed, without costs.