Henry A. Hudson, J.
The petitioner seeks, pursuant to article 78 of the Civil Practice Act, to review the refusal of the respondent to grant petitioner’s application for a driver’s license and to compel the issuance of such a driver’s license.
On May 1, 1959, the petitioner pleaded guilty to the crime of operating a motor vehicle while in an intoxicated condition in violation of subdivision 5 of section 70 of the Vehicle and Traffic Law. Thereafter and on May 4, 1959, petitioner’s license was' revoked. On November 4, 1959, six months after such revocation, the petitioner filed his application for a new driver’s license. On November 27,1959 his application for such license was denied by the Commissioner of Motor Vehicles by form letter which states in part as follows: “ Your traffic and safety record, as shown by the records of the Bureau of Motor Vehicles is such that I consider it inadvisable to approve the issuance of a driver’s license to you at this time. You may apply again for a license on or after May 4, 1960 and submit an original application to which your request will be given consideration.” The basis of this denial is as follows: “In addition to the conviction for driving intoxicated for which your license was revoked, records disclose three (3) additional convictions, two for speeding and one for failure to keep right.” The petitioner’s application, photostatic copy of which is attached to the respondent’s answer showed the following convictions: “Conviction for driving while intoxicated, May 4, 1959 (for which license suspended) ; Conviction for speeding May 29, 1955; Conviction for failure to keep right (date not specified); Conviction for speeding, August 20, 1956.” The application also contains a notation in longhand by the department’s examiner, stating the grounds of the denial of the application in the language contained in the bureau’s letter of November 27, 1959.
Nowhere in the record submitted by the bureau are the dates of the conviction relied upon, or partially relied upon by it, in refusing the new license, stated, other than the statements of the petitioner himself in his application for the new license.
The petitioner sets forth, in his moving papers, that his best recollection is that the first speeding conviction was in 1954, the conviction of the failure to keep right in 1955 and the second conviction for speeding in 1956. He further sets forth that the three convictions did not occur within the 18-month period and that his license was never revoked by reason of any such convictions. The petitioner further states that no injuries or damages resulted from the three traffic infractions in 1954, 1955 and 1956 and that no personal injuries were involved in the instance when his license was revoked while driving in an *665 intoxicated condition. He further sets forth that he has been employed for upwards of three years at a considerable distance from his home and that his means of transportation is limited to an automobile so that he suffers extreme hardship by being deprived of his license to drive. None of these statements are contradicted by the Commissioner.
The Commissioner, although he states that a full and complete examination of the petitioner’s record, pursuant to subdivision 5 of section 71 of the Vehicle and Traffic Law, was made and the record carefully examined, submits no facts of a specific nature other than those that are contained in the petitioner’s application itself. It is reasonable to assume that the three convictions referred to in the Commissioner’s letter of November 27, 1959 are the same as set forth in the petitioner’s application.
The petitioner contends that the Commissioner’s action was arbitrary, without just cause or reason and was not made in the exercise of discretion and requests that the Commissioner’s action be annulled and declared void and that the Commissioner be directed to entertain petitioner’s application and issue a new driver’s license to petitioner.
The Commissioner urges that he has acted pursuant to the provisions of subdivision 5 of section 71 of the Vehicle and Traffic Law which vests authority in his discretion to issue a new license after six months have expired from the date of a mandatory revocation. The provisions of subdivision 5 of section 71 which are pertinent, read as follows: “ Restrictions. Where revocation is mandatory hereunder, no new license shall be issued for at least six months after such revocation, nor thereafter, except in the discretion of the commissioner of motor vehicles ”. It will thus be seen that the Commissioner has the right to refuse to issue a license to the petitioner at the completion of the six months’ mandatory suspension period, if, in his discretion, he deems it advisable. He must, however, state the facts upon which he makes his determination so that the applicant may, if he sees fit, review the Commissioner’s determination. (Matter of Wignall, 277 App. Div. 828; Scudder v. O’Connell, 272 App. Div. 251; Matter of Wignall v. Fletcher, 303 N. Y. 345; Page v. Fletcher, 279 App. Div. 847.)
In the Scudder case (supra, pp. 253-254) Judge Van Voobhis quoted a statement from the 1942 report of Robert M. Benjamin (pp. 251-253), as Commissioner, under section 8 of the Executive Law. To me it is particularly applicable to the situation presented in this proceeding. In part such quotation is as follows:
*666 1 ‘1 Intelligent judicial review of a quasi-judicial determination is possible only if the deciding officer has made findings of fact which show the actual grounds of decision — findings sufficiently specific so that the reviewing court may judge, first, whether the findings themselves are supported by the evidence in the record of the quasi-judicial hearing and, second, whether the facts so found are legally sufficient to support the determination.
# # m
“ ‘ Since the primary purpose of findings of fact is to afford a basis for intelligent judicial review on the record of the quasi-judicial hearing, the requirement of findings will be imposed wherever such judicial review may be invoked. * * *
“ ‘ Findings of fact serve other purposes besides affording a basis for intelligent judicial review. The obligation to formulate findings, rather than simply to announce a result, tends to assure considered action by the administrative deciding officer. As a corollary, the findings themselves offer some assurance to the parties that the decision has been arrived at rationally, on the evidence; and the findings at least enable the parties to judge for themselves the soundness of the decision, and afford them assistance in deciding whether or not to seek to reverse it on rehearing or judicial review.’ ”
The Commissioner’s letter of November 27, 1959 above referred to, sets forth the basis for the denial of the application. It is the only information available to the petitioner upon which he can decide whether to seek relief in the courts. The Commissioner is bound to stand upon the grounds relied upon. The language of the letter in this respect is as follows: “In addition to the conviction for driving while intoxicated for which your license was revoked, records show three additional convictions, two for speeding and one for failure to keep right.”
It is impossible for me to determine from this language whether the Commissioner has refused, for an additional period of six months at least, to issue a new license to the petitioner because he does not feel that the same is justified in view of the petitioner’s conviction of driving while intoxicated or whether his refusal to issue the new license is based upon the three additional convictions, two for speeding and one for failure to keep right. Driving while intoxicated is a serious charge and pursuant to subdivision 5 of section 70 is designated as a misdemeanor for a first offense and for a second offense is designated a felony and subject to severe penalty by fine and imprisonment and pursuant to the provisions of subdivision 5 of section 71, permanent revocation of the right to drive an automobile. The Commissioner of Motor Vehicles might well, *667 in Ms discretion, feel that the license of one convicted of driving wMle intoxicated should not be reissued upon the expiration of the minimum statutory period of six months. "Whether the Commissioner would be justified in refusing to issue a license to one who had been convicted of three minor traffic infractions, committed some three years before, with no showing of any aggravated circumstances, might be quite another matter. It is impossible to tell from the basis of the denial stated by the Commissioner in Ms letter of November 27, 1959 whether the charge of driving while intoxicated was the basis of the denial of the petitioner’s application or whether it was the three convictions of the minor infractions. It seems reasonable to assume and in fact may well be inferred from the language of the letter, that if it were not for the tMee previous convictions for minor infractions, a new license would have been issued. If this is so, the petitioner is being refused a license to drive for six months because of these three old traffic infractions wMch were not in and of themselves sufficient basis for a revocation of Ms license at the time they were committed.
The petitioner relies upon Matter of Blackburn v. Macduff (206 Misc. 393) decided by this court as authority for the relief requested. I cannot agree with petitioner in this respect, as this court held in that case that three convictions for speeding, in the absence of additional circumstances, did not justify the refusal to issue a new license before the expiration of an additional period of six months. The circumstances in that case were very different than one involving an offense of driving while intoxicated. Matter of Blackburn v. Macduff (supra) might well be authority to entitle petitioner to relief in the present proceeding if the Commissioner, in the exercise of his discretion, would have issued a driver’s license to petitioner on Ms application at the end of six months except for the existence of the three prior convictions on Ms record. The Commissioner’s determination in this respect must very well have been manifested in many instances in the past and be well established. There is nothing, however, in the record before me from which I can determine the basis upon wMch the Commissioner made his determination.
The consideration of the petitioner’s application did not require a hearing and none was held. The Commissioner’s determination under such circumstances must be made upon facts which are contained in the record before him. In the present case the Commissioner failed to state with sufficient clarity the facts relied upon by him in exercising the discretion given him under subdivision 5 of section 71. The court cannot, *668 therefore, on the present state of the record, pass upon the petitioner’s challenge that the Commissioner acted capriciously, arbitrarily and unreasonably. The determination of the Commissioner should be annulled, without costs but without granting the relief demanded in the petition and the application should be remitted to the Commissioner of Motor Vehicles for further consideration with the right to the petitioner to submit any additional evidence to the Commissioner supporting his right to a reissuance of his driver’s license and with instructions to the Commissioner to specify the grounds for a refusal to issue a new license to petitioner, if such should be his determination, in the manner and form suggested in this opinion.