Benjamin F. BROCKWAY, on his own behalf and on behalf of all others similarly situated, Plaintiff,

v.

Vincent L. TOFANY, in his capacity as Commissioner of the Department of Motor Vehicles of the State of New York, Defendant.

No. 70 Civ. 277.

United States District Court, S. D. New York.

March 19, 1970.

The Legal Aid Society of Westchester County, for plaintiff; by Martin A.

Schwartz, and Victor J. Rubino, New Rochelle, N. Y., of counsel.

Louis J. Lefkowitz, Atty. Gen. of New York, for defendant; by Joel H. Sachs, Asst. Atty. Gen., New York City, of counsel.

## OPINION

POLLACK, District Judge.

The complaint in this action and the plaintiff's motion before the Court seek the convening of a three judge court and declaratory and injunctive relief under the Civil Rights Act, 42 U.S.C. § 1983, and damages under the same Act. The complaint and the motion also seek a determination that this action is maintainable as a class action.

Defendant has cross moved to dismiss the complaint for lack of jurisdiction in failing to present a substantial federal question and also on the merits for failing to state a claim upon which relief can be granted.

In this case adequate administrative remedies are still available to the plaintiff before the state administrative tribunal. The Commissioner of Motor Vehicles revoked the plaintiff's operator's and chauffeur's driving license upon the latter's conviction of driving while intoxicated. The statute mandatorily requires such revocation. N.Y. Vehicle and Traffic Law, § 510(2) (iii) (McKinney's Consol.Laws, c. 71, Supp. 1970).

A revocation so ordered must last for a minimum period of six months following which the Commissioner, in his discretion, may restore the license to the driver.

The statute in question does not provide for a hearing in respect of restoration of the license in this type of case. Moreover, the state case law discloses that no hearing is required since review of the Commissioner's discretion in respect of restoration is available in an Article 78 proceeding [N.Y.C.P.L.R. § 7801 et seq. (McKinney 1963)], without requirement of a hearing, (*See, e. g.,* Grosso v. Hults, 10 A.D.2d 894, 199 N.Y.S.2d 1008 (4th Dept. 1960); Waters v. Hults, 24 Misc.2d 663, 667, 206 N.Y.S. 2d 273 (Sup.Ct.1960); Barton v. Hults, 23 Misc.2d 861, 862 n. 1, 198 N.Y.S.2d 539 (Sup.Ct.1960)).

However, whether due process is satisfied by review in an Article 78 proceeding and in the absence of a hearing need not be decided herein simply because the Commissioner of Motor Vehicles has unequivocally informed plaintiff that he will provide him an administrative hearing. See Exhibits Q(2) and S annexed to the opposing papers.

In Eisen v. Eastman, 421 F.2d 560 (2d Cir. 1969), the Court held that where adequate state administrative remedies are still available to the plaintiff when he seeks to raise a federal question under the Civil Rights Act, 42 U.S.C. § 1983, and invokes federal question jurisdiction under 28 U.S.C. § 1343(3), the federal court should decline to entertain the suit. The reason is, as given in that case, that it would be "destructive of proper concepts of federalism" and "needlessly burdensome to the federal courts" to compel them to pass upon all complaints of unconstitutional acts by state and local officials at the lowest level.

Since the remedy offered to the plaintiff by the state license commissioner is neither inadequate nor futile, *cf.* Eisen v. Eastman, 421 F.2d at 569, the defendant's motion to dismiss the complaint is granted, but without prejudice to the filing of a new action in the event that the Commissioner fails to afford a hearing to the plaintiff.

Complaint dismissed accordingly.

So ordered.