**William L. ARMSDEN, Plaintiff,**

v.

**John M. CATALDO et al., Defendants.**

**Civ. A. No. 70–258.**

United States District Court,
D. Massachusetts.

June 22, 1970.

---

Ernest L. Leffler, Alexander E. Finger, Boston, Mass., for plaintiff.

Morris M. Goldings, Sp. Counsel, Mahoney, McGrath, Atwood, Piper & Goldings, Boston, Mass., for Board of Trustees of State Colleges.

Walter H. Mayo, III, Gregor McGregor, Asst. Attys. Gen., Boston, Mass., for other defendants.

## OPINION

CAFFREY, District Judge.

This is a civil action based on an alleged violation of 42 U.S.C.A. §§ 1983, 1985(3) and 1986. Jurisdiction of this court is invoked on the basis of 28 U.S.C.A. § 1343. Plaintiff is a resident of Malden, Massachusetts, and a student at Salem State College. The sixteen individual defendants include the Chairman of the Board of Trustees of Massachusetts State Colleges, the Director of Division of State Colleges, the President of Salem State College, the Dean, Dean of Student Affairs and Director of Admissions, Dean of Men, Chairman of the English Department, Chairman of the Committee on Selective Admission to Teachers Education, and Members of the Committee on Selective Admission to Teachers Education. The following facts may be taken as true for purposes of the motion to dismiss:

Plaintiff was accepted as a student at Salem State College for the school year beginning in the fall of 1966 in the curriculum leading to the Bachelor of Science in Education degree with his major in English. At the time the complaint was filed he had completed approximately three years of study and was qualified to enter his fourth year and graduate in January 1971. On March 9, 1969, plaintiff was arrested by local police on charges relating to marijuana. He was found guilty of possession of a narcotic drug, to wit, marijuana, with intent to sell, and being present where a narcotic drug, to wit, marijuana, was illegally kept or detained. A third charge, conspiracy to violate the narcotic drug laws, appears to have been continued.

Subsequently, plaintiff appeared before the College Discipline Board and was also interviewed by one or more of the named defendants. On January 27, 1970, he received a letter from the Chairman of the Committee on Selective Admission to Teacher Education, notifying him to appear for a hearing before that committee on January 30, at which time a hearing was held and at which plaintiff appeared. On February 2, 1970, plaintiff was advised by letter from the Dean, Salem State College, that a decision had been made by the Committee on Selective Admission not to allow him to pursue courses leading to an education degree.

By the instant case, premised on a claimed deprivation of his civil rights, plaintiff seeks an order requiring the college authorities to allow him to pursue courses in the field of education. Subsequent to the entry of a preliminary injunction herein, allowing plaintiff to take the education courses pend-

ing further order of this court, the Massachusetts Board of Trustees of State Colleges was allowed to intervene as a party-defendant, and a motion to file briefs *amici curiae* on behalf of the Massachusetts Teachers Association and the National Council for the Accreditation of Teacher Education was allowed.

The Board of Trustees of State Colleges is the legal entity having jurisdiction over state colleges in Massachusetts, including Salem State College. This twelve-member Board has authority and responsibility with respect to many of the matters involved in the instant litigation. It acts on the basis of a majority vote of the membership or a quorum thereof.

█ The motion to dismiss which, pursuant to the provisions of Rules 12 and 56 of the Federal Rules of Civil Procedure, will be treated as a motion for summary judgment, is based on plaintiff's failure to exhaust available adequate administrative remedies provided by state law, particularly plaintiff's failure to appeal to the Massachusetts Board of Trustees of State Colleges, and his failure to seek relief by petition to the Board by invoking the authority conferred on the Board by Mass.G.L. ch. 73. There has been no showing herein by plaintiff that such an appeal or petition to the Board of Trustees of State Colleges would have been or would now be futile or in any other way unnecessary.

Plaintiff contends that even where perfectly adequate state remedies, calculated to afford complete relief, are available, he nevertheless is under no legal obligation to utilize or exhaust them, by reason of the provisions of 42 U.S.C.A. § 1983 as interpreted by the Supreme Court of the United States in several recent decisions, to wit: Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); McNeese v. Bd. of Education, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963); Damico v. California, 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967); Houghton v. Shafer, 392 U.S. 639, 88 S.Ct. 2119, 20 L.Ed.2d 1319 (1968). See, King v. Smith, 392 U.S. 309, 312, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968).

It is true that these cases contain some rather broadly worded rulings, but it is equally true that after careful analysis thereof the Court of Appeals for the Second Circuit ruled that the doctrine of exhaustion which historically has obtained over the years has not been abolished by any or all of these cases. Eisen v. Eastman, 421 F.2d 560 (1969). A reading of these cases indicates that in *Monroe* and in *McNeese* the available state administrative remedies were not, as a practical matter, bona fide useful remedies which could afford actual relief to the plaintiff in either of those cases. Both of those cases were further complicated by a factual basis strongly suggestive of racial discrimination which, of course, is not involved herein. *Houghton* clearly involved a situation where the state remedy was inadequate and illusory. *Damico* simply restated *Monroe* and *McNeese* without discussion or analysis.

█ Relevant to a resolution of whether or not exhaustion is required are considerations of the adequacy of the available state remedy, of whether or not it is really a remedy in fact as distinguished from being a remedy in theory, and of the extent of the state's interest in the subject matter of the litigation. The criteria by which it is decided which students will be allowed to attend the teachers' colleges of the Commonwealth, at the expense of the citizens thereof, and which students will be allowed to subsequently serve as teachers to the children who attend the schools in the Commonwealth, are matters of peculiar interest to the Commonwealth of Massachusetts and its citizens. The question of establishing the qualifications and characteristics by which resolution is made of the question who is eligible to become a teacher is a matter as to which a board of professional educators would appear to be eminently more qualified than members of the judiciary. The state through its laws has

recognized the expertise necessary in the selection process and has provided what appears to be a fair and adequate appeal to an independent Board of Trustees possessed of that expertise, who are in no way beholden to any of the authorities at Salem State College and who obviously are in a position to make a fair and impartial decision of any appeal to them. It further appears that utilization of available administrative remedies to this Board might well dispose of this case short of the resolution of any federal constitutional question. No valid purpose has been suggested by plaintiff for circumventing and short-circuiting an admittedly adequate state procedure.

The Court of Appeals for this Circuit has indicated that there may be some exceptions even under the above-cited cases to the recently announced doctrine that exhaustion of state remedies is not necessary in cases under 42 U.S.C.A. § 1983. Cf., Grayson v. Montgomery, 421 F.2d 1306, 1308 (1970). Other Courts of Appeal have likewise required plaintiffs to exhaust available and adequate state remedial procedures in cases brought under Section 1983. See Amer. Commuters Assoc. v. Levitt, 405 F.2d 1148, 1150–1151 (2 Cir., 1969); Potwora v. Dillon, 386 F.2d 74, 77 (2 Cir., 1967); Smith v. Bd. of Commissioners, 127 U.S.App.D.C. 85, 380 F.2d 632, 637–638 (1967); Bonner v. Texas City Independent Sch. Dist., 305 F.Supp. 600, 619 (S.D.Texas, 1969); Colon v. Tompkins Sq. Neighbors, Inc., 289 F.Supp. 104, 107, 110 (S.D.N.Y.1968).

The matter has been succinctly summarized by the Court of Appeals for the Second Circuit in the case of Eisen v. Eastman, *supra*, 421 F.2d at 569:

"Despite the breadth of some of the language, particularly in the *Damico* per curiam, we thus read these decisions as simply condemning a wooden application of the exhaustion doctrine in cases under the Civil Rights Act. Exhaustion of state administrative remedies is not required where the administrative remedy is inadequate, as in *McNeese*, or where it is certainly or probably futile, as in *Damico*, *Smith* and *Houghton*. \* \* \* We shall need much clearer directions than the Court has yet given or, we believe, will give, before we hold that plaintiffs in such cases may turn their backs on state administrative remedies and rush into a federal forum, whether their actions fall under the Civil Rights Act or come under general federal question jurisdiction."

Consequently, the defendants' motion to dismiss is allowed without prejudice.

Judgment accordingly.