Randolph PHILLIPS, in his own right individually and as Chairman of the Committee for Fair Play for Voters; Ethel Frankel, Nina Phillips and Dr. Samuel J. Phillips in their own right individually and as members of the Committee for Fair Play for Voters, Plaintiffs,

v.

Nelson A. ROCKEFELLER, Governor of the State of New York, and John P. Lomenzo, Secretary of State of the State of New York, Defendants.

No. 70 Civ. 4827.

United States District Court, S. D. New York.

Dec. 2, 1970.

Randolph Phillips, pro se.

Bennett Frankel, New York City, for all other plaintiffs.

Louis J. Lefkowitz, Atty. Gen. of N. Y., New York City, by Mark T. Walsh, Asst. Atty. Gen., for defendants.

C. Dickerman Williams, of Baker, Nelson, Williams & Mitchell, for amicus curiae James L. Buckley.

## OPINION

EDELSTEIN, District Judge.

Three candidates competed for the office of United States Senator at the general election held in New York on November 3, 1970. Of the total number of votes cast James L. Buckley polled 39 percent, Richard L. Ottinger 37 percent, and Charles E. Goodell 24 percent.[1] No candidate received a majority of the total votes cast. This suit, commenced on November 4, 1970, essentially attempts to raise the novel issue of whether or not the Seventeenth Amendment to the United States Constitution requires that a candidate must receive a majority of the votes cast before he can be elected to the office of United States Senator. The plaintiffs allege that they are citizens and registered voters of the State of New York who voted in the November 3, 1970, election for United States Senator. They also allege that they bring this action " * * * in their own right individually and as Chairman and members respectively of The Committee for Fair Play for Voters and also on behalf of all registered voters similarly situated." Defendants are the Governor of the State of New York and the Secretary of State of the State of New York. Counsel for James L. Buckley was permitted to appear as *amicus curiae* in opposition to plaintiffs.

Plaintiffs contend that a candidate for the United States Senate cannot be "elected by the people" within the meaning of the Seventeenth Amendment[2] unless that candidate receives a majority of the votes cast in the election. Plaintiffs allege that defendants intend "to enforce, operate and execute § 296 of the Election Law of the State of New York so as to certify said James L. Buckley as the duly elected United States Senator of the State of New York * * * " despite the fact that he received only 39 percent of the votes cast. It is claimed that execution and enforcement of section 296[3] in this manner abridges plaintiffs' rights under the Seventeenth Amendment to be represented by a senator who is elected by a majority vote. It is also claimed that section 296 itself is unconstitutional because it does not make any provision for a run-off election between the two leading candidates

1. These percentages are the figures alleged in the complaint. They represent the result of the canvass of the returns made as of November 4, 1970. Under N.Y. Election Law § 274 (McKinney's Consol. Laws c. 17) (1964) within 25 days after each general election a re-canvass of the votes cast is made and the results of that re-canvass supersede any contradictory figures previously arrived at.

2. The Seventeenth Amendment provides:
   "The Senate of the United States shall be composed of two Senators from each State, elected by the people thereof, for six years; and each Senator shall have one vote. The electors in each State shall have the qualifications requisite for electors of the most numerous branch of the State legislatures.
   "When vacancies happen in the representation of any State in the Senate, the executive authority of such State shall issue writs of election to fill such vacancies; *Provided*, That the legislature of any State may empower the executive thereof to make temporary appointments until the people fill the vacancies by election as the legislature may direct.
   "This amendment shall not be so construed as to affect the election or term of any Senator chosen before it becomes valid as part of the Constitution."

3. New York Election Law § 296 (McKinney Supp.1970) in pertinent part provides:
   "At the general election next preceding the expiration of the term of office of a United States senator from this state, a United States Senator shall be elected by the people for a full term of six years." The remainder of section 296 makes provision for the filling of a vacancy in the office of the United State Senator from New York.

so that one of them may attain a majority vote.

Plaintiffs seek the following substantive relief: (1) An injection[4] prohibiting the defendants from enforcing section 296 of the Election Law of the State of New York, and from "certifying thereunder" the election of any candidate as United States Senator unless a run-off election is held between the two candidates who polled the most votes; (2) "A declaratory judgment that Section 296 of the Election Law of the State of New York in failing to provide for a run-off election is too vague and inadequate to constitute a lawful and constitutional exercise of the legislative power of the State of New York under the Seventeenth Amendment to the Constitution of the United States;" and (3) a mandatory injunction ordering Governor Rockefeller to issue a writ for a run-off election between the two leading candidates. The complaint also seeks the convening of a three-judge statutory court pursuant to 28 U.S.C. §§ 2281 and 2284 (1964).

■ This case is now before the court on a motion by the plaintiffs for the convening of such a court. Defendants oppose this motion on the grounds that the complaint should be dismissed because the court lacks subject matter jurisdiction, this case is not ripe for decision, and plaintiffs have failed to join indispensable parties. Defendants have also made an abstention argument to the court. In addition, although the defendants have not precisely raised the question of whether or not a substantial federal question exists, the court cannot overlook this issue either.

Jurisdiction in the complaint is predicated upon the Seventeenth Amendment and 28 U.S.C. §§ 2281 and 1331 (1964).

■ The Seventeenth Amendment does not confer jurisdiction upon this court, nor does 28 U.S.C. § 2281 (1964). Section 2281 states that only a three-judge district court may enjoin the enforcement of a state statute on the grounds of unconstitutionality. A jurisdictional predicate separate and apart from section 2281 must be present before a statutory court may be held to have jurisdiction over a matter. *E. g.,* Nieves v. United States, 280 F.Supp. 994, 997 (S.D.N.Y.1968).

■ 28 U.S.C. § 1331 (1964) is the statutory authority which gives district courts jurisdiction to hear cases raising "federal questions." No action may be brought under section 1331 unless the matter in controversy exceeds $10,000 exclusive of interests and costs. This complaint does not allege this jurisdictional amount, nor has any attempt been made to demonstrate that this jurisdictional amount requirement can be met in any event. Hence plaintiffs cannot rely on section 1331. Jacobs v. Tawes, 250 F.2d 611 (4th Cir. 1957); *See* Boyd v. Clark, 287 F.Supp. 561 (S.D.N.Y.1968), aff'd on other grounds, 393 U.S. 316, 89 S.Ct. 553, 21 L.Ed.2d 511 (1969).

The complaint therefore is fatally deficient in its jurisdictional allegations. In their reply memorandum plaintiffs practically concede as much since they disregard the jurisdictional ground alleged in the complaint and instead argue that this court has jurisdiction under 28 U.S.C. § 1343(3) (1964), 42 U.S.C. §§ 1983 and 1988 (1964). Plaintiffs have not amended their complaint so as to allege their new jurisdictional ground. Thus only the original complaint stands before the court. Nevertheless, for purposes of this motion only, the court shall deem this complaint as having been

---

4. The complaint requests a temporary restraining order and a preliminary and permanent injunction while the notice of motion filed by plaintiffs requests only the latter two forms of injunctive relief. At oral argument on November 16, 1970, counsel for plaintiffs Ethel Frankel, Nina Phillips and Dr. Samuel Phillips stated that all that was being sought was a permanent injunction. Randolph Phillips, who is appearing *pro se*, did not join in this concession. However, inasmuch as no showing has been made that temporary relief is required at this time or that such relief would be justified, the court treats plaintiffs' papers as a request only for permanent injunctive relief.

amended to allege the new jurisdictional bases.

Section 1988 [5] is not a jurisdictional provision but is one that is addressed to the rule of law and the scope of the remedy to be applied in civil rights cases. Section 1343(3) [6] is a jurisdictional provision; it does not contain an amount in controversy requirement. However, section 1343(3) is only a partial answer to plaintiffs' problem. This section merely confers upon federal district courts jurisdiction over civil actions authorized by other provisions of law. Thus resolution of the jurisdictional issue depends upon the terms of section 1983 because, unless a cause of action is stated under that section, section 1343(3) cannot be applied.

Section 1983 provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

■ To invoke section 1983 a claim must be predicated upon a denial of a federal constitutional or statutory right by a person acting under color of state law. *E. g.*, Basista v. Weir, 340 F.2d 74, 79 (3rd Cir. 1965). This complaint does not support such a claim. The plaintiffs have alleged that defendants, who are concededly state officials, by their enforcement of section 296 of the New York Election Law are depriving plaintiffs of their claimed Seventeenth Amendment right to be represented by a Senator elected by a majority of those voting in the November 3, 1970, election. However, analysis of the complaint demonstrates that there is nothing contained in this complaint to support the conclusion that these defendants are depriving plaintiffs of a federal constitutional right *pursuant to state authority.*

■ Federal law and section 296 of the New York Election Law do not conflict. The Seventeenth Amendment grants to each of the states the right to be represented in the Senate by two Senators who shall be "elected by the people thereof" and 2 U.S.C. § 1 (1964) provides that the election of Senators shall occur "At the regular election held in any State next preceding the expiration of the term for which any Senator was elected to represent such State * * *." Section 296, in relevant part, provides as well that Senators shall be elected by the people and that the election shall occur at the general election next preceding the expiration of the incumbent's term. Section 296 does not change nor take

---

5. Sec. 1988 provides as follows:

The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this chapter and Title 18, for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.

6. Section 1343 provides as follows:

The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

away any part of the right to representation conferred by the Seventeenth Amendment. It merely identifies that right in reiterative language.

Assuming the certification of James L. Buckley, it is difficult to see how such certification can lay the groundwork for a charge that defendants are enforcing section 296 so as to deprive plaintiffs of their constitutional rights. Section 296 does not require certification of the winner of the election; section 296 only requires that an election be held. The election is now an accomplished fact. It is federal law, namely the provisions of 2 U.S.C. §§ 1a and 1b (1964),[7] that impose upon the defendants the duty of certifying to the President of the Senate the winner of New York's election. Thus, in making this certification the defendants will not be acting pursuant to state law but in response to duties imposed by federal statute. Hence, even if it be granted that certification of Mr. Buckley will deprive plaintiffs of their constitutional rights, such deprivation will be accomplished in obedience to federal, not state law. This does not suffice to maintain an action pursuant to 42 U.S.C. § 1983 (1964). It is not defendants' status as state officials that is determinative, it is the nature of the acts performed by them.[8]

Throughout their presentation of their case, plaintiffs advert to Valenti v. Rockefeller, 292 F.Supp. 851 (S.D.N.Y.1968), aff'd. 393 U.S. 405, 89 S.Ct. 689, 21 L. Ed.2d 635 (1969), a case in which some of the plaintiffs here also participated. *Valenti* was brought after the death of Senator Robert Kennedy and concerned itself with the proper method by which the Senator's seat was to be filled. At that time section 296 permitted that seat to be filled by appointment for a term of twenty-nine months. The issue in the case was whether the term of this "temporary" appointment exceeded the bounds of the discretionary authority granted to the states by the Seventeenth Amendment. *Valenti* was decided on its merits by a three-judge statutory court; jurisdiction apparently was not put in issue.

*Valenti* offers no precedent for a finding by this court of jurisdiction in this matter. In *Valenti* the issue was the validity of an appointment by Governor Rockefeller pursuant to the authority vested in him by section 296. Clearly, there the act complained of as constituting a deprivation of constitutional rights was undertaken pursuant to state law. While the same defendant as well as the same statutory provisions may be present in *Valenti* as well as in the case at bar, there is a vital distinction between the two cases since the acts attacked in this case on constitutional grounds are not in pursuance of state law.

Inasmuch as the plaintiffs have failed to state a cause of action under 42 U.S.C. 1983 (1964), the court concludes that it lacks subject matter jurisdiction. The court also finds that while the question of whether a majority vote is required by the Seventeenth Amendment may or may not have merit, the plaintiffs have failed to raise a substantial federal question since their target is section 296 of the New York Election Law.

Plaintiffs seek a judgment declaring that section 296

\* \* \* in failing to provide for a run-off election is too vague and inadequate to constitute a lawful con-

---

7. Section 1a provides:
   "It shall be the duty of the executive of the State from which any Senator has been chosen to certify his election, under the seal of the State, to the President of the Senate of the United States."
   Section 1b provides:
   "The certificate mentioned in section 1a of this title shall be countersigned by the secretary of state of the State."

8. The fact that no basis is presented by this action for enjoining the enforcement or operation of a state statute, in and of itself, is a sufficient reason for denying plaintiffs' motion for the convening of a statutory court. *Cf.* Phillips v. United States, 312 U.S. 246, 61 S.Ct. 480, 85 L.Ed. 800 (1941).

stitutional exercise of the legislative power of the State of New York under the Seventeenth Amendment to the Constitution of the United States.

The point has already been made, however, that defendants cannot be enjoined from enforcing section 296 since no action allegedly contemplated by them is attributable to the command of that statute. The fact that section 296 is entirely consistent both with the Seventeenth Amendment and the noted sections of Title 2 of the United States Code also has been discussed. Again it seems that plaintiffs have misplaced their reliance upon Valenti v. Rockefeller, *supra,* without justification. The plaintiffs seek to relitigate Valenti without regard to the facts in this case which are entirely different from those presented in *Valenti.*

The Seventeenth Amendment accords to the state legislatures discretion to provide for the timing of the election in which a vacancy in the Senate is filled. *Valenti* concerned that part of section 296 in which the New York State legislature exercised its discretion in this regard. A charge that section 296 does not constitute a lawful exercise of that discretion is a charge that may have been proper in the context of the *Valenti* action. In this case, however, such a charge is meaningless. Except in the special instance when a vacancy arises, the Seventeenth Amendment itself and 2 U.S.C. § 1 (1964) direct how and when United States Senators are chosen. The legislature of New York has been given no discretionary authority in this regard, nor has it exercised any discretion, The portion of section 296 relevant here tracks the federal provisions concerning the time and method of selection of United States Senators. The election held in New York on November 3, 1970, therefore, really was held pursuant to a federal mandate; plaintiffs' attack on section 296 is misguided.

Plaintiffs make one other argument which merits brief comment. Cer-tification of Mr. Buckley as the winner of the election, plaintiffs contend, will deprive the majority of those who voted in the election of their First and Fourteenth Amendment rights to cast their votes effectively and to associate in opposition to Mr. Buckley.

This contention is bottomed on language quoted out of context from the Supreme Court decision in Williams v. Rhodes, 393 U.S. 23, 89 S.Ct. 5, 21 L.Ed. 2d 24 (1968). That case concerned the validity of some Ohio election laws which narrowly circumscribed the ability of new and minority political parties to obtain ballot positions in presidential elections. In considering whether or not the Ohio provisions violated the Equal Protection Clause the Court noted that these laws heavily burdened the right of individuals to cast their votes effectively and to associate for the advancement of political beliefs. 393 U.S. at 30, 89 S.Ct. 5, 21 L.Ed.2d 24.

Plaintiffs' reliance on Williams v. Rhodes, *supra,* is misplaced. The concern of the Court in *Williams* that voters could not cast their votes effectively derived from the fact that many voters would have preferred to vote for the candidates of the parties unable to obtain a ballot position. The same is true of the basis of the Court's concern for the right to associate to further political beliefs. The Court said, "The right to form a party for the advancement of political goals means little if a party can be kept off the election ballot and thus denied an equal opportunity to win votes." 393 U.S. at 31, 89 S.Ct. at 10–11. Nothing in the factual situation presented to the court in the case at bar can support the plaintiffs' argument. No claim is made here that any voter was unable to vote for the candidate of his choice. Nor is there any support for the bald statement that the voters who voted for Mr. Buckley's opponents were denied their right to form or participate in political parties opposed to Mr. Buckley's candidacy.

In conclusion the court repeats its finding that it lacks subject matter ju-

risdiction and that the complaint fails to present a substantial federal question. In light of this decision it is unnecessary for the court to consider the other points raised by the parties.

The complaint is dismissed. The motion for the convening of a statutory court is denied.

So ordered.