George T. BESSETTE, Jr., Individually and on behalf of all persons similarly situated,

v.

James E. MALLOY, Commissioner of Motor Vehicles of the State of Vermont.

Civ. A. No. 6050.

United States District Court, D. Vermont.

April 5, 1971.

John A. Dooley, III, Burlington, Vt., of Vermont Legal Aid, Inc. for George T. Bessette, Jr.

J. Morris Clark, of Vermont Legal Aid, Inc., for Maurice Paul Paulin & Starrlee Ann Paulin, Intervenors.

Stephen Rose, of Vermont Legal Aid, Inc., for Jacqueline Hanes, Intervenor.

Martin K. Miller, Asst. Atty. Gen., for James E. Malloy, Commissioner of Motor Vehicles.

Before WATERMAN, Circuit Judge, and LEDDY and OAKES, District Judges.

WATERMAN, Circuit Judge:

Plaintiff George Bessette and intervenors Maurice Paulin, Starrlee Paulin, and Jacqueline Hanes were all notified by defendant Malloy, the Commissioner of Motor Vehicles for the State of Vermont, of the proposed suspension of their motor vehicle operators' licenses under § 604 of Title 23 of the Vermont Statutes Annotated (V.S.A.) for failure to pay their poll taxes.[1] Plaintiffs seek a declaration that 23 V.S.A. § 604 is unconstitutional as violative of the due process and equal protection clauses of the Fourteenth Amendment, and they request preliminary and permanent injunctions against the implementation of § 604 by defendant. Class action procedure was approved under Rule 23, and this three-judge court was convened to consider plaintiffs' challenges to the validity of the statute.

Plaintiffs argue that they are exempt from the payment of poll taxes,[2] but that, because of the lack of notice to taxpayers of the possible exemptions to poll tax payments and because of the inadequacy of the applicable appeal procedures available to taxpayers in connection with the assessment of poll taxes, they have been denied the exemptions to which they are entitled. Alternatively, they argue that § 604 violates the equal protection clause of the Fourteenth Amendment in that there is no rational relationship between a failure to pay a poll tax and the suspension of a license to operate a motor vehicle.

We find it unnecessary to reach the merits of these constitutional issues for we find that plaintiffs have not exhausted their administrative remedies. While it is true that the time for a direct appeal by any of the plaintiffs from the challenged tax assessment has passed and, indeed, that the adequacy of those appeal procedures is itself attacked, a direct appeal from the assessment is not the only administrative remedy available to plaintiffs. Sections 1533–1537 of Title 24 of the Vermont Statutes Annotated provide that a local board of civil authority,[3] with the tax listers and the town treasurer, may act as a board for the abatement of town and town school district taxes. The board of abatement "may abate the taxes of persons who * * * are unable to pay their taxes" or where "there is manifest error" or a "mistake of the listers." While there may not have been manifest error in the assessment of poll taxes for an entire class of persons whose poll taxes are unpaid, it does appear that the other two quoted phrases in the statute would cover the named plaintiffs' complaint that they are exempt as "persons actually poor."

1. Under 32 V.S.A. § 3601 a poll tax is levied by town authorities annually on each inhabitant of the town between the ages of 21 and 65. Included within the poll tax are assessments for taxes to support the general expenditures of the town, county taxes, school district taxes, fire district taxes, and water and sewer district taxes. Accordingly, the poll tax varies from town to town, but the total tax assessed by any town (see Exhibit 5 of Stipulation of Facts) does not exceed $25.00 per capita. Although the poll tax does not produce revenues comparable to those produced by local property taxes, there is little doubt that the poll tax as-

sessed by Vermont towns is an important source of revenue and that conscientious efforts are made to enforce the tax without discrimination.

2. 32 V.S.A. § 3801 provides for the exemption of certain classes of persons from the poll tax. In particular, the exemptions for "persons actually poor" and for certain veterans are claimed by various plaintiffs.

3. The board of civil authority is the local governing body in Vermont towns and is composed of the town clerk, selectmen, and justices residing in the town. 24 V. S.A. § 801.

As mandated by Eisen v. Eastman, 421 F.2d 560, 567–569 (2 Cir. 1969), cert. denied, 400 U.S. 841, 91 S.Ct. 82, 27 L.Ed.2d 75 (1970), we look at the particular facts in the case in order to determine whether exhaustion should be required. See also Brockway v. Tofany, 310 F.Supp. 266 (SDNY 1970); Armsden v. Cataldo, 315 F.Supp. 129 (D. Mass.1970). Here, an expedient non-judicial remedy is afforded to plaintiffs, which is a *de novo* remedy obviating plaintiffs' due process challenge to the appeal procedures involved in the poll tax. Inasmuch as favorable action by the respective boards of abatement would moot plaintiffs' attack on 23 V.S.A. § 604, we deem it particularly apt to require the plaintiffs to exhaust the administrative remedies provided by the State in 24 V.S.A. §§ 1533–1537 before seeking relief from a federal court.

■ In addition, even if plaintiffs had exhausted their administrative remedies, the state legislative provisions in this case are fraught with ambiguities [4] and many of the questions presented to us call for a declaratory judgment as to the assessment of state and local taxes.[5] Substantial state constitutional issues may also exist.[6] Because of these factors, we conclude that we should also abstain from consideration of this case until the Vermont courts have had the opportunity to clarify some of these issues.

Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970).

■ However, it should be clearly understood that by requiring plaintiffs to exhaust their administrative and state judicial remedies, we do not foreclose the possibility of reconvening this three-judge court in the event that plaintiffs are unsuccessful at the local level or in the state courts. Inasmuch as the privilege of driving an automobile may be related to the right to travel, a right protected by the federal constitution,[7] Vermont may have to show a strongly reasoned connection between failure to pay a poll tax and suspension of the privilege of driving a motor vehicle on Vermont highways. It has been stipulated that a portion of the revenues derived from town poll taxes is expended by the towns on highways, but whether this fact bears any relationship to the penalty, deprivation of the right to operate a motor vehicle, imposed in plaintiffs' cases for non-payment of poll taxes, is not readily apparent on this record. Indeed, this is one of the ambiguities in the Vermont statutes which we feel is better left to the Vermont courts to disentangle. If we had been satisfied that we had jurisdiction, but that abstention were indicated, we would not dismiss the action but would retain jurisdiction pending exhaustion of local and state quasi-judicial and judicial

4. For instance, we are unable to find any definition of "persons actually poor." Nor are we, or counsel for either plaintiffs or defendant, confident as to the notice requirements in the assessment of the poll tax, the duties of the listers, the requirement of notice as to the appeal procedures, or the right of plaintiffs to attend the appeal hearing, under Vermont law.

5. Indeed, plaintiffs apparently have not joined the local taxing authorities in this suit because of the restrictions of 28 U.S.C. § 1341 against federal courts enjoining "the assessment, levy or collection" of state and local taxes. Section 1341 has also been interpreted to prohibit a declaratory judgment by the federal courts as to the assessment of local taxes. City of Houston v. Standard-Triumph

Motor Co., 347 F.2d 194 (5 Cir. 1965), cert. denied, 382 U.S. 974, 86 S.Ct. 539, 15 L.Ed.2d 466 (1966). Because of our disposition of the case on other grounds, we do not reach the question of whether plaintiffs' strategy actually avoids the restrictions of section 1341.

6. Cf. Vt.Const. c. I, art. I, State v. Harrington, 68 Vt. 622, 35 A. 515 (1896); Vt.Const. c. I. art. IX, Barnes v. Dyer, 56 Vt. 469 (1884); Vt.Const. c. I, art. XIX.

7. Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969); Cole v. Housing Authority of City of Newport, 435 F.2d 807 (1 Cir. 1970); Valenciano v. Bateman, 323 F.Supp. 500 (D.Ariz. 1971) (three-judge court).

remedies, Zwickler v. Koota, 389 U.S. 241, 244, n. 4, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967). However, the failure to exhaust administrative remedies goes to this court's jurisdiction under the Civil Rights Act, Eisen v. Eastman, *supra,* and we therefore dismiss the complaint.

We note that the rights which plaintiffs seek to vindicate here are not First Amendment rights, a factor which often prompts federal courts to retain jurisdiction.

The complaint is dismissed.