**Mark H. HORODNER, Plaintiff,**

v.

**William CAHN, District Attorney of Nassau County, et al., Defendants.**

**No. 73 C 686.**

United States District Court, E. D. New York.

June 15, 1973.

Rosenberg, Rosenberg & Rockman, by Harry Rosenberg, Mineola, N. Y. (George Rockman, Mineola, N. Y., of counsel), for plaintiff.

Joseph Jaspan, County Atty., Nassau County, by James N. Gallagher, Deputy County Atty., Mineola, N. Y., for defendants Cahn, Caso and Judges.

Louis J. Lefkowitz, Atty. Gen. of New York, by David H. Berman, Asst. Atty. Gen., New York City, for defendant Rockefeller and pro se.

MEMORANDUM AND ORDER

NEAHER, District Judge.

Plaintiff, Mark H. Horodner, brought this action for injunctive and declaratory relief following his arraignment in the District Court of Nassau County on criminal charges of violating § 511 of the New York Vehicle and Traffic Law and §§ 175.05, 175.30 and 195.05 of the New York Penal Law. Invoking 28 U.S.C. §§ 2201, 2202 and 2281 et seq., Horodner's complaint attacks the constitutionality of the State statutes and more particularly of § 510 of the Vehicle and Traffic Law, which contains New York's statutory procedure for automatic revocation of drivers' licenses under the "point system." He has moved virtually on the eve of his criminal trial for the convening of a statutory three-judge court to hear his application to enjoin the defendant State officials from prosecuting or threatening to prosecute him for driving while his license is revoked and for other motor vehicle infractions and related charges, and for an immediate stay of his criminal trial pending the determination of his constitutional claims. For the reasons which follow plaintiff's motion is denied and the action is dismissed upon the authority of Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971).

While Horodner's loosely drawn complaint and moving affidavit are ambiguous in a number of respects, it appears that his State prosecution basically grows out of the automatic revocation of his driver's license in early November 1972 for speeding and other infractions, pursuant to § 510(2)(iv) of the Vehicle and Traffic Law. The sworn affidavits of various police officers annexed to his complaint indicate that Horodner continued to drive after his license had been revoked; that he had been stopped by police officers on several occasions for traffic infractions and found to be without a valid license; and that on one occasion when stopped he presented a Connecticut operator's license, claiming to be a resident of both Connecticut and New York. Defendants maintain he was using a fraudulently obtained license, thereby justifying prosecution under Penal Law §§ 175.05, 175.30 and 195.05, as well as under Vehicle and Traffic Law § 511.[1]

Horodner's challenge to the New York statutes is somewhat amorphous. He contends that §§ 510 and 511 of the Vehicle and Traffic Law are unconstitutional because they "have been used so as to violate the due process requirements of the Fourteenth Amendment" by failing to provide a hearing prior to revocation (par. 1). He also asserts that Penal Law § 195.05 is unconstitutional for vagueness and overbreadth (par. 14) and that § 175.05, while constitutional, is being used as an instrument of harassment (par. 19).

Neither the Declaratory Judgment Act nor the Three-Judge Court Act automatically ensures the jurisdiction of this court for Horodner's claims. See 1 Moore's Federal Practice, § 0.90[1]. Cf. Phillips v. Rockefeller, 321 F.Supp. 516, 519 (S.D.N.Y.1970). Absent jurisdictional amount, there is no federal question jurisdiction under 28 U.S.C. § 1331. In order to find jurisdiction, therefore, Horodner's complaint must be read as seeking to redress the deprivation, under color of State statutes, of a right, privilege, or immunity secured by the Constitution of the United States, invoking 42 U.S.C. § 1983 and its jurisdictional counterpart, 28 U.S.C. §

---

1. Section 511 makes it a misdemeanor to operate a motor vehicle with a revoked or suspended license. Section 195.05 of the Penal Law deals with the obstruction of governmental administration, also a misdemeanor. Section 175.30, prohibiting the offering of a false instrument for filing to a public office or public servant, and section 175.05, prohibiting falsification of business records with intent to defraud, are also misdemeanors.

1343(3).[2]  Cf. Stambler v. Dillon, 302 F.Supp. 1250, 1252 (S.D.N.Y.1969).

Assuming such a jurisdictional basis, is this a proper case for the convening of a three-judge court? Nieves v. Oswald, 477 F.2d 1109, 1111 (2 Cir., 1973), recently reminded us that

. . . when an application for a three-judge court is addressed to a district judge, his inquiry is limited to determining (1) whether the constitutional question is substantial; (2) whether the complaint at least formally alleges a basis for equitable relief; and (3) whether the case otherwise comes within the requirements of the three-judge statute. If all criteria are established, the single judge must convene a statutory three-judge court. See Abele v. Markle, 452 F.2d 1121, 1126 (2d Cir. 1971).

Defendants argue against the presence of any substantial constitutional question, pointing out that Cadieux v. Mac-Duff, 1 A.D.2d 360, 150 N.Y.S.2d 138, app. dis. 1 N.Y.2d 827, 153 N.Y.S.2d 209, 135 N.E.2d 717 (1956), and Barton v. Hults, 23 Misc.2d 861, 198 N.Y.S.2d 539 (1960), have upheld the constitutionality of § 510. Those cases, however, antedate increasing vigilance by both federal and State courts as to requirements of due process. Particularly illustrative of this trend is Bell v. Burson, 402 U.S. 535, at 539, 91 S.Ct. 1586, at 1589, 29 L.Ed.2d 90 (1971), in which Justice Brennan noted:

Once licenses are issued, as in petitioner's case, their continued possession may become essential in the pursuit of a livelihood. Suspension of issued licenses thus involves state action that adjudicates important interests of the licensees. In such cases the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment. Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). This is but an application of the general proposition that relevant constitutional restraints limit state power to terminate an entitlement whether the entitlement is denominated as a "right" or a "privilege." (Citations omitted.)

*Bell* was decided only six months after the Court of Appeals for this Circuit, despite the vigorous dissent of Judge Friendly, affirmed a district court's denial of a motion for the convening of a three-judge court on the ground that the attack on the Connecticut motor vehicle statute, nearly identical to the one involved in Bell, failed to present a substantial federal question. Latham v. Tynan, 435 F.2d 1248 (2 Cir. 1970), vacated, 404 U.S. 807, 92 S.Ct. 117, 30 L.Ed.2d 39 (1971). See also Reese v. Kassab, 334 F.Supp. 744 (W.D.Pa.1971), in which a three-judge court invalidated a similar Pennsylvania license revocation statute.[3]

Thus, Horodner's claim with respect to § 510 cannot be dismissed as essentially fictitious, wholly insubstantial or obviously frivolous, Goosby v. Osser, 409 U.S. 512, 516–520, 93 S.Ct. 854, 858–859, 35 L.Ed.2d 36 (1973). While the substantiality of the constitutional attack on §§ 511 and 175.05, 175.30 and 195.05 is less persuasive, if a three-judge court were convened to adjudicate Horodner's claims against § 510, the claims as to

---

2. It is assumed that the failure to invoke a statute properly conferring jurisdiction upon the court does not bar a finding of jurisdiction, cf. New York State Waterways Association, Inc. v. Diamond, 469 F.2d 419, 421 (2 Cir. 1972); *Phillips, supra,* 321 F.Supp. at 519–520.

3. The two cases in this Circuit upon which defendants also rely, Brockway v. Tofany, 319 F.Supp. 811 (S.D.N.Y.1970), and Brockway v. Tofany, 310 F.Supp. 266 (S.D.N.Y.1970), are not controlling. The finding of a lack of substantial constitutional question in those cases rested on the fact that the plaintiff had been given a hearing as to the denial of his application for a new license following the revocation of his license under § 510.

the other statutes could also be heard by that court.

But substantiality is only one of the criteria. The complaint must also show a basis for equitable relief upon which a three-judge court could act. *Nieves, supra.* Horodner basically seeks to enjoin his pending prosecution by the State. To obtain such relief Horodner must surmount the prohibitions contained in the Anti-Injunction Act, 28 U.S.C. § 2283, by coming within one of its exceptions.[4]

In Gibson v. Berryhill, 411 U. S. 564, 573, 93 S.Ct. 1689, 1695, 36 L. Ed.2d 488 (1973), the Supreme Court reaffirmed its holding in Mitchum v. Foster, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972), that actions brought under the Civil Rights Act, 42 U.S.C. § 1983, were within the "expressly authorized" exception to the ban on federal injunctions. Characterizing this action as one brought under § 1983, however, does not automatically exempt it from the prohibition of 28 U.S.C. § 2283. As the Court further noted in *Gibson, supra,* 93 S.Ct. at 1696, a federal court must give due regard to established "principles of equity, comity and federalism." The basic principle of federalism, restated in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), is that "a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment or irreparable injury that is both serious and immediate." *Gibson, supra,* 93 S.Ct. at 1695.[5] No such showing has been made or adequately alleged.[6]

Thus, both injunctive and declaratory relief appear to be barred by Horodner's pending criminal prosecution under *Younger, supra* and *Samuels, supra.* As the Supreme Court recently explained in *Gibson, supra,* 93 S.Ct. at 1696:

Those cases and principles would, under ordinary circumstances, forbid either declaratory judgment or injunction with respect to the validity or enforcement of a state statute when a criminal proceeding under the statute has been commenced.

Absent any basis for equitable relief, the convening of a three-judge court would be no more than a "patently wasteful formality", *Nieves, supra,* 477 F.2d at 1115; Abele v. Markle, 452 F.2d 1121, 1126 (2d Cir.). Moreover, no ba-

---

4. 28 U.S.C. § 2283 provides:
   A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

5. A showing of "special circumstances" beyond the injury incidental to every proceeding brought lawfully and in good faith is requisite to a finding of irreparable injury sufficient to justify enjoining a State criminal proceeding. Cameron v. Johnson, 390 U.S. 611, 618, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968), citing Dombrowski v. Pfister, 380 U.S. 479, 484, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965).
   Such circumstances basically arise when defense of a State criminal action will not assure adequate vindication of constitutional rights—particularly first amendment rights. *Cameron, supra,* 390 U.S. at 624–625, 88 S.Ct. 1335 (Fortas, J., concurring).

6. The court upon the complaint before it is unable to assume special circumstances or serious and immediate irreparable injury sufficient to warrant injunctive relief. True, Horodner is as of now unable under New York law and court order to legally drive an automobile. However, he is not in jail and the charges involved are not particularly serious. He does not depend upon an automobile for his livelihood; he is a student who is about to graduate. If he had been truly concerned with the alleged unconstitutionality of New York's license revocation statutes, he could have sought relief either in the State courts or the federal courts at least as early as November 1972, when his license was revoked. Instead Horodner chose to continue driving and in the process has been charged with driving with a revoked license as well as other misdemeanors. Only on the eve of his trial did he petition this court to intercede. And there is no reason to suppose that the State courts will not entertain or consider a properly raised challenge on constitutional grounds to the statutes in controversy.

606

sis exists for even single judge intervention in this case. As *Gibson, supra,* 93 S.Ct. at 1697, also points out,

Unlike those situations where a federal court merely abstains from decision on federal questions until the resolution of underlying or related state law issues—a subject we shall consider shortly in the context of the present case—Younger v. Harris contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts.

Accordingly, plaintiff's motion for the convening of a three-judge court and related relief is denied and the complaint is dismissed.

So ordered.