**UNITED STATES of America, Plaintiff,**

v.

**Florenz Michael COONEY, also known as Mike Cooney, Robert Emmett Horkans, William Francis Smith, Richard Joseph Ferrero, and Rudolph Degenhardt, Defendants.**

**Crim. A. No. 16837.**

United States District Court
D. Colorado.

May 16, 1963.

418

Lawrence M. Henry, U. S. Atty. for Dist. of Colorado, James P. McGruder, Asst. U. S. Atty. for Dist. of Colorado, Denver, Colo., for plaintiff.

Alex Stephen Keller, Denver, Colo., for defendants Cooney, Horkans, Ferrero, and Degenhardt.

Robert T. Kingsley, Denver, Colo., for defendant Ferrero.

Wright J. Morgan, Jr., Westminster, Colo., for defendant Smith.

CHILSON, District Judge.

The defendants are charged by indictment with a violation of Title 18, United States Code, Section 242.

The indictment charges that on or about July 4, 1961, the defendants, while acting under color of state law, did willfully enter and search a house occupied as the private home of Eugenia Degenhardt without her consent and without a search warrant or warrant of arrest, and thereby did willfully deprive Eugenia

Degenhardt of rights secured and protected by the Constitution and laws of the United States, to-wit: the right not to be deprived of her liberty without due process of law and the right to be secure in her person, house and effects against search and seizure.

The defendants Smith and Ferrero are identified in the indictment as deputy sheriffs of Adams County, Colorado. The indictment does not disclose in what capacity the defendants Cooney, Horkans and Degenhardt were acting by authority of the state.

All of the defendants have moved to dismiss the indictment on the ground that it fails to state an offense, because at the time of the alleged acts, an unreasonable search and seizure by state officers had not been held to be a violation of the Federal Constitution, and therefore the acts alleged were not then within the purview of Title 18, United States Code, Section 242.

Cooney, Horkans and Degenhardt have also moved to dismiss the indictment on the grounds that it appears on the face of the indictment they acted as private citizens and not under color of state law.

In addition, the defendants have moved for bills of particulars.

We will consider these motions in the same order as above stated.

MOTION TO DISMISS ON GROUND THAT UNREASONABLE SEARCH AND SEIZURE HAD NOT BEEN DETERMINED TO BE A VIOLATION OF THE FEDERAL CONSTITUTION AT THE TIME THE ACTS WERE ALLEGED TO HAVE BEEN COMMITTED

In order to properly understand the defendants' attack upon the indictment, it is necessary to briefly review the purpose of Section 242.

Section 242 reads in its essential parts as follows:

"Whoever, under color of any law, * * * willfully subjects any inhabitant of any State, * * * to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, * * * shall be fined not more than $1,000 or imprisoned not more than one year, or both."

This statute should be considered in connection with the Fourteenth Amendment to the Federal Constitution. Section 1 of the Fourteenth Amendment states in part:

"No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

Section 5 of the Fourteenth Amendment provides:

"The Congress shall have power to enforce, by appropriate legislation, the provisions of this article."

Section 242 (formerly 18 U.S.C. Section 52 and Section 20 of the Criminal Code) was enacted under Section 5 of the Fourteenth Amendment to enforce the Fourteenth Amendment. Screws v. United States, 325 U.S. 91 at 98, 65 S.Ct. 1031 at 1033, 89 L.Ed. 1495.

Consequently, we are here concerned, not with the Fourth Amendment which is a restriction on the exercise of federal authority, but with the due process clause of the Fourteenth Amendment which is a restriction on the states.

Defendants acknowledge that by judicial construction an unreasonable search and seizure is now a violation of the due process clause of the Fourteenth Amendment.

But defendants contend such judicial construction was first made by the Supreme Court in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (rehearing denied October 9, 1961, 368 U.S. 871, 82 S.Ct. 23, 7 L.Ed.2d 72). That

construction, defendants contend, occurred after the date of the acts alleged in the indictment, and therefore under Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495, defendants cannot be properly charged with a violation of Section 242.

In the Screws case it was contended that there is no ascertainable standard of guilt by which to apply Section 242 to cases of a violation of the due process clause of the Fourteenth Amendment, because due process is determined from time to time by judicial action; that there have been conflicting views in the court on what constitutes denial of due process, and a citizen has no definite standard by which to judge his actions but is referred to a comprehensive law library to ascertain what acts are prohibited. The Court recognized the serious character of this challenge and pointed out that if the customary standard of guilt for statutory crime is applied to Section 242, a local law enforcement officer may commit a federal offense for which he can be sent to the penitentiary if he does an act which deprives a person of due process of law under the Fourteenth Amendment, irrespective of the purity of his motives and even though his purpose was unrelated to the disregard of any constitutional guaranty. The Court stated:

"The treacherous ground on which state officials—police, prosecutors, legislators, and judges—would walk is indicated by the character and closeness of decisions of the Court interpreting the due process clause of the Fourteenth Amendment."

The Court solved this attack upon Section 242 as follows:

"We do say that a requirement of a specific intent to deprive a person of a federal right made definite by decision or other rule of law saves the Act from any charge of unconstitutionality on the grounds of vagueness. * * *

"For the specific intent required by the Act is an intent to deprive a person of a right which has been made specific either by the express terms of the Constitution or laws of the United States or by decisions interpreting them."

Applying the foregoing to the instant case, the defendants contend in essence that on July 4, 1961, the date of the alleged offense, no decision of the United States Supreme Court had determined that the act alleged in the indictment, namely, an unreasonable search and seizure under color of state law, was a violation of the due process clause of the Fourteenth Amendment. They further contend that such determination was not made until the Court's decision in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (rehearing denied October 9, 1961, 368 U.S. 871, 82 S.Ct. 23, 7 L. Ed.2d 72), some three months after the alleged commission of the offense here charged.

Therefore, conclude defendants, under the Screws decision the indictment does not charge an offense.

The defendants are in error. In Palko v. Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288, decided in 1937, although the Court rejected the suggestion that whatever would be a violation of the original Bill of Rights, if done by the federal government, is equally unlawful by force of the Fourteenth Amendment if done by a state, also stated that in certain situations,

"immunities that are valid as against the federal government by force of the specific pledges of particular amendments have been found to be implicit in the concept of ordered liberty, and thus, through the Fourteenth Amendment, become valid as against the states."

In 1949, the Court in Wolf v. Colorado, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782, in referring to the Palko case and the due process clause of the Fourteenth Amendment, stated:

"In rejecting the suggestion that the Due Process Clause incorporated the original Bill of Rights, Mr. Jus-

tice Cardozo reaffirmed on behalf of that Court a different but deeper and more pervasive conception of the Due Process Clause. This Clause exacts from the States for the lowliest and the most outcast all that is 'implicit in the concept of ordered liberty.' "

The Court, in applying the "concept of ordered liberty" to an unreasonable search and seizure in the Wolf case stated:

"The security of one's privacy against arbitrary intrusion by the police—which is at the core of the Fourth Amendment—is basic to a free society. It is therefore implicit in 'the concept of ordered liberty' and as such enforceable against the States through the Due Process Clause."

It was by this decision rendered in 1949 and not by the Mapp decision in 1961 that the Supreme Court first made definite by decision that an unreasonable search and seizure by a state officer is a violation of the due process clause of the Fourteenth Amendment.

This decision eliminated the vagueness and uncertainty which existed prior thereto and which under the Screws decision might well have been fatal to the prosecution.

With the certainty of the federal right supplied by the Wolf decision, coupled with the specific intent read into Section 242 by the Screws decision, there is an ascertainable standard of guilt by which the conduct of the defendants in this case can be properly measured, and the indictment is not subject to the attack made upon it by the motion to dismiss.

It is true, of course, that in the Wolf case the Court considered excluding from evidence in the state court material seized by the unreasonable search and seizure and concluded:

" * * * that in a prosecution in a State court for a State crime the Fourteenth Amendment does not forbid the admission of evidence ob-

tained by an unreasonable search and seizure."

It is clear, however, from a reading of the opinion that this in no way detracts from the Court's first conclusion that an unreasonable search and seizure by state authority is a violation of the due process clause of the Fourteenth Amendment.

The Court opinion in the Mapp case also recognized that an unreasonable search and seizure by state authority is a violation of the due process clause of the Fourteenth Amendment, but concluded also that evidence obtained by such an unreasonable search and seizure should be denied admission as evidence in the state court. The Court opinion in the Mapp case stated:

"Today we once again examine Wolf's constitutional documentation of the right to privacy free from unreasonable state intrusion, and, after its dozen years on our books, are led by it to close the only courtroom door remaining open to evidence secured by official lawlessness in flagrant abuse of that basic right * * *. We hold that all evidence obtained by searches and seizures in violation of the Constitution is, by that same authority, inadmissible in a state court."

██ We find no authority and none has been cited which indicates that the Supreme Court has in any manner questioned the holding in the Wolf case that an unreasonable search and seizure under state authority is a violation of the due process clause of the Fourteenth Amendment. This rule has been definite by decision of the Supreme Court since 1949.

This motion to dismiss should be denied.

## MOTION OF DEFENDANTS COONEY, HORKANS, AND DEGENHARDT TO DISMISS

This motion alleges that it appears from the face of the indictment that these defendants acted as private citizens and that Section 242 is not applicable to them.

It does not so appear from the face of the indictment, but to the contrary, the indictment alleges that these three defendants acted under color of state law.

However, the brief of the government indicates that these three defendants are charged as aiders and abettors of the defendants Smith and Ferrero under Title 18, United States Code, Section 2.

■ By its terms Section 242 is applicable only to those who act under color of state law. In other words, a private citizen without any actual or color of authority from the state cannot be guilty of an offense under Section 242, even though his acts deprived or helped deprive some individual of his constitutional rights under the due process clause of the Fourteenth Amendment.

■■ The Supreme Court has pointed out that it is the misuse of power possessed by virtue of state law, and made possible only because the wrongdoer is clothed with the authority of state law, which violates Section 242. The acts of private parties who possess no power or authority under state law are not acts "under color of" state law within the meaning of Section 242. See United States v. Classic, 313 U.S. 299 at 326, 61 S.Ct. 1031 at 1043, 85 L.Ed. 1368; Screws v. United States, supra, 325 U.S. 91 at 109, 65 S.Ct. 1031 at 1139.

■ Even acts of state officers in the ambit of their personal pursuits are plainly excluded from the purview of Section 242. Screws v. United States, supra, 325 U.S. 91 at 111, 65 S.Ct. 1031 at 1040.

■ The defendants Cooney, Horkans, and Degenhardt are charged only with a violation of Section 242. Since Section 242 is directed only to those who act under color of state law, persons who possess no power or authority under state law are not chargeable under Section 242, whether those acts be as a principal or as an aider and abettor.

Nevertheless, it would be premature for the court at this time and in view of the wording of the indictment to conclude that defendants Cooney, Horkans, and Degenhardt are charged only as aiders and abettors, or that these defendants were not acting under color of state law.

■ However, these defendants have filed a motion for a bill of particulars in this respect. It would appear proper that the government should file a bill of particulars stating in what respects it is contended that the defendants, Cooney, Horkans, and Degenhardt acted under color of state law. Upon the filing of such bill of particulars, the court can then determine whether the indictment is sufficient as against these defendants.

The defendants' motions for bills of particulars request other particulars, but except to the extent that the court has heretofore indicated, the motions should be denied.

It is therefore ordered as follows:

1. That the motion of the defendants Smith and Ferrero to dismiss be and the same is hereby denied.

2. The determination of the motion of the defendants Cooney, Horkans, and Degenhardt to dismiss is continued for further hearing.

3. The motion of the defendants Cooney, Horkans, and Degenhardt for a bill of particulars is granted to the extent that the United States shall, within 10 days from this date, file herein a bill of particulars setting forth under and by what authority said defendants acted as officers or agents of the State of Colorado, or if it is not claimed that said defendants acted under authority from the State of Colorado, on what basis said defendants are charged in the indictment.

4. That except as heretofore granted, the motions of all defendants for a bill of particulars be and the same are hereby denied.

It is further ordered that the United States and the defendants Cooney, Horkans, and Degenhardt may, if they so desire, within 10 days after the bill of particulars is filed, supplement the briefs filed herein upon the motion of said defendants to dismiss.