**Melvin Leroy TYLER, Plaintiff,**

v.

**Officers Thomas PARKS et al.,
Defendants.**

**No. 71 C 547(4).**

United States District Court,
E. D. Missouri, E. D.

Sept. 10, 1971.

Melvin Leroy Tyler, pro se.

Robert W. VanDillen, City Counselor, John J. FitzGibbon, Associate City Counselor, St. Louis, Mo., for defendants.

## MEMORANDUM

WANGELIN, District Judge.

Plaintiff filed this action, pro se, pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§ 1343, 1915, 28 U.S.C. §§ 2201 and 2202 seeking declaratory judgment, injunctive relief and damages. Plaintiff has demanded a jury trial on all issues except the prayer for injunctive relief.

Plaintiff charges that on December 3, 1970, the defendants, under color of state law, committed perjury in the civil trial, Tyler v. Parks, 69 C 319(1) (E.D. Mo.) and deprived "this plaintiff of a basically fair and impartial trial 'Against the civil rights of this plaintiff as protected by the federal constitution, i. e., 14th amendment.' Did committ (sic) perjury and jeopardized this plaintiff's colatteral (sic) motion (27.26) pending in the St. Louis Circuit Court, committed perjury to permanently deprive this plaintiff of his liberty and the pursuit of happiness with perjured testimony all under color of law."

Plaintiff seeks a judgment declaring that there is a sufficient basis for a criminal prosecution of the defendants on a charge of perjury.

Plaintiff seeks an injunction restraining the defendants from testifying "to the perjury" in the state court proceedings on plaintiff's motion under Missouri Supreme Court Rule 27.26, V.A.M.R. Plaintiff also seeks damages in the amount of $3,750.00, including "personal", punitive and compensatory damages.

Plaintiff attaches to his complaint a certified copy of the transcript of the civil trial, Cause No. 69 C 319(1), referred to above; and two pages containing what purports to be excerpts of defendants' testimony in the original criminal trial which resulted in the conviction of Tyler.

Although the complaint is unclear, the attached transcript indicates that the defendants are three St. Louis City Police officers who participated in events leading to the arrest of Tyler in August, 1968. Facts and circumstances surrounding the arrest, which resulted in Tyler's conviction, are set out in a memorandum opinion of this Court, filed July 30, 1971, in Tyler v. Plaisted, No. 69 C 319(1); and will not be reiterated here.

Section 1343 of Title 28 U.S.C. provides that the district courts shall have original jurisdiction of any civil action authorized by law commenced by any person to redress the deprivation, under color of any State law, statute ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States; and of any such action to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights.

It is the opinion of the Court that plaintiff has not met the burden resting upon him to establish federal jurisdiction.

Plaintiff alleges generally that defendants, acting under color of state law, deprived him of his constitutional right to a fair and impartial trial. However, the facts alleged by plaintiff are that the alleged perjury occurred at a civil trial instituted by plaintiff against these defendants. The transcript of that trial reveals that plaintiff's counsel attempted to impeach defendants' credibility by use of any inconsistent statements they made at the original criminal trial.

This Court recognizes that an *accused* is deprived of due process of the law when his *conviction* is obtained by the prosecutor's knowing use of false or perjured testimony. See, United States v. Marchese, 341 F.2d 782 (9th Cir. 1965) cert. denied 389 U.S. 930, 88 S.Ct. 294, 19 L.Ed.2d 283, reh. denied 389 U.S. 1025, 88 S.Ct. 585, 19 L.Ed.2d 674; Miller v. Pate, 386 U.S. 1, 87 S.Ct. 785, 17 L.Ed.2d 690 (1967); Walker v. Bishop, 295 F.Supp. 767 (D.C.Ark.1967).

Plaintiff, however, does not allege that defendants committed perjury at the criminal trial resulting in his conviction.

It is the opinion of the Court that defendants' perjury, if any, at plaintiff's civil trial does not constitute action by defendants under color of state law which deprived plaintiff of a right, privilege or immunity secured by the United States Constitution.

Plaintiff has failed to establish federal jurisdiction under 28 U.S.C. § 1343 and no other basis of federal jurisdiction appears in his pleadings. The complaint will be dismissed for lack of jurisdiction.

In view of that finding it is unnecessary to determine the propriety of the relief sought by plaintiff.