DIONNE et al.

v.

SPRINGFIELD SCHOOL COMMITTEE et al.

Civ. A. No. 72–338.

United States District Court,
D. Massachusetts.

March 14, 1972.

William F. Malloy, Neighborhood Legal Services, Inc., Springfield, Mass., for plaintiff.

James E. Dowd, James S. Kaufman and Troy T. Murray, Springfield, Mass., for defendant.

## OPINION

WYZANSKI, Senior District Judge.

March 9 plaintiff filed a motion to compel answers to plaintiffs' interrogatories. Their thrust is to require disclosure by defendants of facts with respect to the suspension or dismissal of high school students other than plaintiff.

From an earlier hearing it appears that defendants' agent suspended Dionne for having taken an alcoholic drink en route to school, and that she claims that the procedure followed in her case was in violation of the 14th Amendment because it was arbitrary and not pursuant to a rule. She seeks to present claims on account of a class of others allegedly also arbitrarily suspended without a justifiable or justifying rule.

There is a recent First Circuit case which seems to support broad-ranging discovery in this type of litigation to discover who might be in plaintiff's class. Yaffe et al. v. Powers et al., 454 F.2d 1362, 1972. This case seems to me, as a former member of the Supreme Court's Committee on Rules of Civil Procedure for the District Courts, to be contrary to the purposes of Rule 23 of the F.R.C.P., and not likely to be followed either by the Court of Appeals or the Supreme Court of the United States.

In any event, the present case is not one in which it is requisite or desirable for this Court, (overburdened as it is with nearly frivolous "class suits" brought by counsel who seem chiefly interested in gaining experience, publicity, and Constitutional reform of local school practices) to encourage a broad-ranging federal court inquiry when it is transparent that the specific occasion for filing the complaint was the wholly irresponsible act of a child who may not be wayward, but who is not so much a champion of liberty as a person who (under even the most liberal interpretation) has a highly technical objection, nourished, no doubt, by zealous but none too wise counsel.

Federal courts do not stage academic tournaments merely for Don Quixotes to practice knighthood.

Motion denied.