Grady Carroll OUZTS, Plaintiff-
Appellant,

v.

MARYLAND NATIONAL INSURANCE
COMPANY et al., Defendants-
Appellees.

No. 26062.

United States Court of Appeals,
Ninth Circuit.

Dec. 6, 1972.

Phill Silver, Hollywood, Cal., Boyd & Leavitt, Las Vegas, Nev., for plaintiff-appellant.

Edward G. Marshall, Herman M. Adams, Ted Embrey, Parraguirre, Rose, Pico & Norwood, Las Vegas, Nev., for defendants-appellees.

Before CHAMBERS and TRASK, Circuit Judges, and BYRNE,* Senior District Judge.

WILLIAM M. BYRNE, Senior District Judge:

This is an appeal from the district court's dismissal of appellants' first amended complaint alleging deprivation of civil rights in two counts. The first count asserts federal court subject matter jurisdiction under 28 U.S.C. § 1343(3) and (4) and alleges that the claim arises under 42 U.S.C. § 1983. The second count asserts such jurisdiction under the "doctrine of pendent jurisdiction" and alleges a state claim under essentially the same facts as those alleged in the first count. The district court dismissed the action with prejudice after granting appellees' motion for summary judgment on the ground that it lacked subject matter jurisdiction over the first count and therefore was exercising its discretion to refuse to take cognizance of the second count.

The essential facts which appellant alleged in order to state a claim upon which the district court could grant relief were that appellee Wilfred I. Lagatella and an unknown companion acted "under color of law," by going to appellant's home in Long Beach, California, representing themselves to be "special officers of Los Angeles County," forcibly entering his home, handcuffing him, and driving him to San Pedro, California, where they delivered him to appellees William Embry and Darrow and Iola Peterson. Further, appellant alleges that appellees Embry and Darrow Peterson drove him, against his will, to Las Vegas, Nevada, where they turned him over to the Clark County Sheriff's Department which incarcerated him after those appellees represented that he was a fugitive from justice. Subsequently, the criminal charge pending against appellant in Las Vegas was dismissed.

According to appellant, appellee Lagatella and his unknown companion acted within the employ of appellee Maryland National Insurance Company which had previously posted a $2,500 bond as bail for appellant on the Las Vegas criminal charge, within the employ of appellees Peterson who had signed as sureties for the bond, and within the employ of appellee Embry who was a Las Vegas bail bondsman and also an employee of appellee company.

In reference to the district court's dismissal of the first count of appellant's amended complaint on the ground of lack of subject matter jurisdiction, if the amended complaint raises a federal question, the mere claim confers power to decide that it has no merit, as well as to decide that it has. The rule is that where a complaint is so drawn as to seek recovery for any wrong under 28 U.S.C. § 1343, the district court *must* assume jurisdiction over the subject matter, with the possible exceptions of (1) where the claim is clearly immaterial and alleged solely for the purpose of obtaining such jurisdiction, or (2) where the claim is wholly insubstantial and frivolous. Bell v. Hood, 327 U.S. 678, 681–683, 66 S.Ct. 773, 90 L.Ed. 939 (1946); Montana-Dakota Utilities Co. v. Northwestern Public Services Co., 341 U.S. 246, 249, 71 S.Ct. 692, 95 L.Ed.

* Honorable William M. Byrne, Sr., United States Senior District Judge, Central District of California, sitting by designation.

912 (1951); Agnew v. City of Compton, 239 F.2d 226, 229 (9th Cir. 1956), cert. denied 353 U.S. 959, 77 S.Ct. 868, 1 L. Ed.2d 910 (1957).

From appellant's allegations in the amended complaint and his affidavit in opposition to appellees' motion for summary judgment, it is readily apparent that neither of the possible exceptions is applicable in this case. Appellant specifically designated 28 U.S.C. § 1343(3) and (4) in the first count of his amended complaint to establish subject matter jurisdiction. Therefore the district court had such jurisdiction and erred in dismissing the first count on the ground that it lacked it.

However, it is clear that the reason underlying the district court's ruling was that no federal cause of action was established. In accordance with the teaching of the Supreme Court in *Montana-Dakota Utilities, supra,* if this was correct, we should sustain the lower court, though on other grounds than those stated.

■ The question is whether or not the first count stated a claim upon which the district court could have granted relief. A complaint cannot be dismissed on the ground of failing to state a claim upon which relief can be granted, unless it is apparent beyond a doubt that appellant cannot prove any set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45–46, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957); York v. Story, 324 F.2d 450, 453 (9th Cir. 1963), cert. denied, 376 U.S. 939, 84 S.Ct. 794, 11 L.Ed.2d 659 (1964). This rule has been applied in civil rights actions by this court. York v. Story, *supra;* Marshall v. Sawyer, 301 F.2d 639, 647 (9th Cir. 1962); Cohen v. Norris, 300 F.2d 24, 31 (9th Cir. 1962).

■ For appellant's first count to state a claim entitled to relief under 42 U.S.C. § 1983, he must allege that (1) the appellees were acting under color of state law and (2) their conduct subjected or caused him to be subjected to a deprivation of some right, privilege, or immunity secured by the Constitution of the United States. DeWitt v. Pail, 366 F.2d 682, 685 (9th Cir. 1966); Lucero v. Donovan, 354 F.2d 16, 19 (9th Cir. 1965); Marshall v. Sawyer, *supra,* 301 F.2d at page 646.

Appellant's first count of his amended complaint contained allegations designed to satisfy the requisites for such a claim. Subsequently, the appellees attempted to "penetrate the pleadings" by moving for a summary judgment on the ground, among others, that appellant had not and could not show that any of either the appellees or their alleged agents had acted "under color of state law." Appellant opposed the motion and submitted an affidavit which set forth in great detail the facts upon which he based his allegation that the appellees had in fact acted "under color of state law."

■ Although appellant admitted in the affidavit that none of the appellees was a police officer of the State of California or of any of its political subdivisions, or even a licensed private detective, he persists in his view that appellees acted "under color of law" as provided in 42 U.S.C. § 1983. The basis of his persistence is the fact that appellees executed their "arrest" pursuant to Section 1301 of the California Penal Code which provides in pertinent part, as follows:

"For the purpose of surrendering the defendant, the bail or any person who has deposited money or bonds to secure the release of the defendant, at any time before such bail or other person is finally discharged, and at any place within the state, may himself arrest defendant, or by written authority indorsed on a certified copy of the undertaking or a certified copy of the certificate of deposit, may empower any person of suitable age to do so."

■ As can be readily seen, appellant has equated acting pursuant to state law with acting under authority of law.

Merely acting under a state license is not state action within the meaning of the civil rights acts.

 Appellant's amended complaint does not establish a claim upon which relief can be granted because it fails to allege deprivation of any right guaranteed by federal law or the Constitution. The only possible deprivation appellant has incurred is that flowing from the appellees' apparent failure to comply with California law. Section 847.5 of the California Penal Code provides, in pertinent part: "A bondsman or other person who is bail for a fugitive admitted to bail in another state who takes the fugitive into custody, except pursuant to an order issued under this section, is guilty of a misdemeanor." In this dispute, it appears appellant was not a fugitive in that a warrant for his arrest was never issued by a Las Vegas Justice Court. Assuming arguendo, appellant had achieved the status of fugitive, the record indicates that Penal Code 847.5 was violated in that appellees never secured an order for appellant's arrest pursuant to that section. Such a violation would appear to have civil consequences in addition to the statutory criminal sanctions flowing therefrom. As indicated, these civil consequences are linked to California law only. Accordingly, having not been denied any right guaranteed by the Constitution or federal law, the dismissal of plaintiff-appellant's amended complaint was proper, though on grounds other than those stated, viz., failure to state a claim upon which relief can be granted.

As for the second count of appellant's amended complaint, in view of our above holding that the first count fails to state a claim upon which relief can be granted, we are not persuaded that the district court abused its discretion by refusing to take cognizance of it under its pendent jurisdiction. Hurn v. Oursler, 289 U.S. 238, 245–246, 53 S.Ct. 586, 77 L.Ed. 1148 (1933); Gaito v. Strauss, 249 F.Supp. 923, 935 (W.D.Pa.1966),

cert. denied, 386 U.S. 977, 87 S.Ct. 1173, 18 L.Ed.2d 139 (1967).

The judgment is affirmed upon the ground that the plaintiff-appellant has not established a cause of action under federal law.