**Leon Reyes CALDERON**

v.

**UNITED FURNITURE COMPANY.**

**Civ. A. No. 72–C–78.**

United States District Court,
S. D. Texas,
Corpus Christi Division.

Dec. 26, 1973.

Virgil Howard, Howard & McDowell, Corpus Christi, Tex. for Leon Reyes Calderon.

Harry Dobbs, Jr., Trimble & Dobbs, Corpus Christi, Tex., for United Furniture Co.

## MEMORANDUM AND ORDER

### OWEN D. COX, District Judge.

This action was brought by the Plaintiff, seeking damages, both actual and punitive, from Defendant United Furniture City, under the Civil Rights Act of 1871, 42 U.S.C., § 1983. Plaintiff alleges that the Defendant, acting through its agents, servants, and employees, forcibly entered Plaintiff's home without his permission and repossessed a certain Maytag wringer washing machine. The evidence reflects that the washing machine had been purchased under contract from Defendant furniture company and that the monthly payments due on the purchase contract had been paid as of May 1st, 1971, including the one due on April 30, and the contract was in good standing at that time.

Subsequently, and shortly thereafter, the Plaintiff and his wife and his children, other than his daughter, Mrs. Rosa Maria Andrews, left their home in Corpus Christi, and picking cotton as they went along, traveled up into Michigan. This family returned to Corpus Christi sometime the latter part of September or the first part of October of 1971. When they arrived at their home, they found one of the doors into the house apparently had been forced open, and the washing machine was gone, but nothing else in the house was missing.

The Plaintiff offered evidence that when he and his family left Corpus Christi in May, their daughter, Mrs. Rosa Maria Andrews, was staying in the home. They understood she would stay there and look after the property. Mrs. Calderon testified she sent money to her daughter to make the contract payments, but the payments which became due under the contract on May 30th, June 30th, July 30th, and August 30th were not made. Later, for some reason or other, Mrs. Andrews moved from the house into an apartment. She, for a while, would go by the house every two or three days to see that it was all right, but early in September, she went with her husband to California. Consequently, there was no one to look after the property from that time until the Calderons returned. There was no dispute that Defendant furniture company had repossessed the washing machine that had been purchased by the Calderons; and, there was no doubt Plaintiff was delinquent in his payments.

The only fact question to be decided by the Court, if we get so far, would be whether, in taking possession of the washing machine, the United Furniture City employee did break into the house by forcing entry through a locked door, or entered through an open door into a house which appeared to be abandoned at the time the repossession took place. The Plaintiff introduced a picture in evidence, showing a broken door lock, and testified nothing else was missing from the house than the washing machine. Mrs. Calderon said their daughter, Mrs. Andrews, told her, in a telephone conversation while the family was still in Michigan, the furniture company had broken into the house and taken the washing machine. There also was a note admitted in evidence, which was left by the daughter for the Calderons, and it did not refer to a breaking in, but merely told the Calderons that the employee for the furniture company had walked into the house and taken the

**574**

machine. Plaintiff's evidence was basically hearsay and was contradicted by the Defendant's employee who said the door of the house was open when he entered to repossess the machine, that the inside was untidy and it appeared to have been abandoned. Be that as it may, the Court need not make a finding of fact with regard to how the furniture company repossessed the machine.

The repossession was made by an individual who was an employee of the United Furniture City. He had no court order. There is no evidence that he received instructions from anyone other than the Defendant. There was no city, county, state, or federal official involved, in any way, in this repossession. This repossession was pursued under the provisions of the contract which the Calderons had executed at the time of the purchase of the washing machine. So, the only question before the Court is whether or not the facts above stated are sufficient to permit the Plaintiff to proceed against the Defendant furniture company under 42 U.S.C., § 1983. The Court concludes they are not, regardless of which way the fact question above referred to might be decided. The Court makes this decision in the face of Plaintiff's contention that Defendant acted pursuant to and in accordance with certain provisions of the Uniform Commercial Code, and thus the repossession was accomplished under color of state law.

This situation is not similar to that in Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1971), where the replevin was had through the aid of judicial process. Nor is this a case in which the state statute creates an independent remedy for the creditor, as did the Texas Landlord's Lien Act involved in Hall v. Garson, 468 F.2d 845 (5th Cir. 1972). Rather, this case is analagous to Adams v. Southern California First National Bank, 492 F.2d 324 (9th Cir. 1973), in which an automobile was summarily repossessed and sold pursuant to the security agreement executed by the parties. There, the Court held the fact that such contract was recognized by the California Commercial Code

did not constitute the requisite significant state action so as to confer jurisdiction under 28 U.S.C., §§ 1331, 1343; 42 U.S.C., § 1983.

It is, therefore, ordered that the plea to the jurisdiction filed herein by the Defendant should be, and it is hereby, granted, and this cause should be dismissed. The Clerk will furnish appropriate counsel with copies of this memorandum and order.