**Alvin R. WARNER, Plaintiff,**

v.

**Dale CROFT et al., Defendants.**

**Civ. No. 75–0289–D.**

United States District Court,
W. D. Oklahoma,
Civil Division.

July 30, 1975.

Gary Shores, Oklahoma City, Okl., for plaintiff.

William O. West and Robert T. Rice, Edmond, Okl., for Croft.

Randel Shadid, Edmond, Okl., for Bond.

Robert S. Baker, Oklahoma City, Okl., for Gonce.

## ORDER

DAUGHERTY, Chief Judge.

In this civil rights action Plaintiff seeks both actual and punitive damages to redress certain alleged invasions of his Federally protected rights. The action is brought pursuant to 42 U.S.C. §§ 1983 and 1985. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343. Two causes of action are set out in the Complaint. The first involves Defendants Dale Croft [Croft], William R. Bond [Bond], Robert E. Gonce [Gonce] and the City of Edmond, Oklahoma (now dismissed). The second involves only Defendants Croft and the City of Edmond, Oklahoma (now dismissed).

Defendant Gonce has filed herein, pursuant to Rule 12(b), Federal Rules of Civil Procedure, a Motion to Dismiss Plaintiff's first cause of action as to him. Said Motion is based on a purported lack of personal jurisdiction, lack of subject

matter jurisdiction, and failure to state a claim upon which relief can be granted. The thrust of this Motion is that Plaintiff has failed to state a claim upon which relief can be granted against Movant. There is no assertion made in Movant's argument set out in his supporting brief that this Court lacks either personal or subject matter jurisdiction. Plaintiff has responded to said Motion and the matter is at issue before the Court.

■ The factual allegations of the Complaint are as follows:[1]

On or about September 10, 1974, Defendant Gonce, Croft, and Bond conspired together in the City of Edmond, Oklahoma, to gain entrance into Plaintiff's house by representing they were prospective buyers thereof. Their purpose in the alleged conspiracy was to make a search of Plaintiff's house under the above pretense without benefit of a warrant. At all relevant times Defendant Croft was a Police Officer employed by the City of Edmond, Oklahoma. Defendant Gonce was alleged to be an undisclosed police informer attempting to invoke the power of the state to the harm of the Plaintiff. Defendants are alleged to have proceeded to Plaintiff's house where entry was gained when Defendant Bond made the representation that he was a prospective buyer and that Defendants Gonce and Croft were builders. After entry Defendants are alleged to have assisted each other in making a systematic search of the premises. Defendants thereby gained information as to Plaintiff's personal property contained therein. Plaintiff further alleges Defendants used this information to falsely and maliciously inform the District Court of Oklahoma County, State of Oklahoma, that stolen property was contained in Plaintiff's house. Defendants further caused a warrant for the search of Plaintiff's house to be issued. Said warrant was issued on the basis of an affidavit made by Croft. The search warrant was executed. Personal property alleged to belong to the Plaintiff was seized in the execution. Said property has not yet been returned.

### Section 1985

■ Movant's first contention is that Plaintiff has failed to state a cause of action against him under 42 U.S.C. § 1985 as he has failed to allege that the Defendants' plot, and particularly his part therein, was motivated by racial or class based animus.

This contention is well taken. In *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971) the Court stated:

". . . The constitutional shoals that would lie in the path of interpreting § 1985(3) as a general federal tort law can be avoided by giving full effect to the congressional purpose—by requiring, as an element of the cause of action, the kind of invidiously discriminatory motivation stressed by the sponsors of the limiting amendment. . . . The language requiring intent to deprive of *equal* protection, or *equal* privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. . . ."

Cf. *Ward v. St. Anthony Hospital,* 476 F.2d 671 (Tenth Cir. 1973).

[1] For purposes of a Rule 12(b)(6) in considering a motion to dismiss for failure to state a claim upon which relief can be granted, the Complaint is construed in the light most favorable to the plaintiff and its allegations are taken as true. However, only well plead allegations of fact are taken as true and mere conclusions are not accepted. See cases cited in 5 Federal Practice and Procedure, Wright & Miller, § 1357. All doubts concerning the allegations of the Complaint must be resolved in favor of the plaintiff, *Supchak v. United States,* 365 F.2d 844 (Third Cir. 1966). Moreover, as the Supreme Court stated:

". . . In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief . . . ." *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Plaintiff has failed to allege that the asserted conspiracy of Defendants and/or Movant's part therein was motivated by a racial or otherwise class based invidiously discriminatory animus. Therefore, Plaintiff has failed to state a cause of action against Movant under 42 U.S.C. § 1985 and the Motion under consideration should be sustained in this regard.

### Section 1983

Movant's second contention is that Plaintiff has failed to state a cause of action against him under 42 U.S.C. § 1983 as he has failed to allege facts showing that he acted under color of State law. 42 U.S.C. § 1983 reads as follows:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

In *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) the Court stated: " 'Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken "under color of" state law' " within the meaning of 42 U.S.C. § 1983. Cf. *Wheeler v. Glass,* 473 F.2d 983 (Seventh Cir. 1973); *Palmer v. Columbia Gas of Ohio, Inc.,* 479 F.2d 153 (Sixth Cir. 1973); *United States v. Cooney,* 217 F.Supp. 417 (D.Colo.1963).

The allegations of the Complaint do not show that Gonce misused power possessed by virtue of State law, or that any act he is accused of doing was made possible only because he was clothed with the authority of State law. Gonce as an alleged informer is accused of entering, searching, and informing. There is no allegation that Gonce did or was able to do any of these acts by virtue of either real or apparent authority possessed by him under State law. On the contrary, it is specifically alleged that Gonce was an undisclosed police informant. Therefore, Plaintiff has failed to allege that Gonce acted under color of State law.[2]

The Complaint does, however, allege that Gonce acted in concert with Croft, a Police Officer employed by the City of Edmond. Private persons jointly engaged or acting in concert with State officials in the perpetration of prohibited acts are persons acting under color of State law within the meaning of 42 U.S. C.A. § 1983. *United States v. Price,* 383 U.S. 787, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966). Private persons whose actions would not otherwise be deemed to be

---

2. The fact that Gonce and the other Defendants caused a search warrant to be issued does not constitute action taken under color of State law. For acts of a private individual to constitute acts done under color of State law there must be joint activity between the private individual and a state official acting within the authority, either apparent or real, of his office. Actions taken by private persons under license of State law are distinguished from actions taken under color of State law. This distinction has been recognized in cases involving private repossession of chattels sold on conditional sales contracts where the repossession is made under the terms of the sales contract and authorization of State statute (U.C.C. 9–503 and similar provisions). *Shirley v. State National Bank of Connecticut,* 493 F.2d 739 (Second Cir. 1974); *Kirksey v. Theilig,* 351 F.Supp. 727 (D.Colo.1972); *Baker v. Keeble,* 362 F.Supp. 355 (M.D.Ala.1973); *Calderon v. United Furniture Company,* 371 F.Supp. 572 (S.D.Tex.1973). In cases involving state statutes which permit private persons to make arrests in a given circumstance see *Warren v. Cummings,* 303 F.Supp. 803 (D.Colo.1969) and *Ouzts v. Maryland National Insurance Company,* 470 F.2d 790 (Ninth Cir. 1972). And in a case involving the filing of a lawsuit by a private litigant pursuant to State law see *Henry v. First National Bank of Clarksdale,* 444 F.2d 1300 (Fifth Cir. 1971). Thus, Plaintiff's allegation that Gonce caused a search warrant to be issued is not an allegation of action taken by him under color of State law.

under color of State law within the meaning of 42 U.S.C. § 1983 may come within the Statute's purview if they act in concert with State officials. See *Luker v. Nelson,* 341 F.Supp. 111 (N.D.Ill. 1972) and cases cited therein.[3] The cases are clear that not all acts of a State official are under color of State law. It is the nature of an act performed by a State official and not merely his status as a State official which is determinative of whether his act is under color of State law. *Phillips v. Rockefeller,* 321 F.Supp. 516 (S.D.N.Y.1970) aff'd, 2 Cir., 435 F.2d 976. Not all acts of a police officer are under color of State law.[4] In *United States ex rel. Smith v. Heil,* 308 F.Supp. 1063 (E.D.Pa.1970) the Court stated:

> "If Stufflet [a police officer] were acting wholly as a private citizen in this alleged assault, and did not use the 'pretense' of his office's legal authority, . . . or act under the authority of a 'policeman's badge,' . . . the Civil Rights Act would not provide plaintiff with a vehicle for recovery . . ."

See also *Tyler v. Parks,* 331 F.Supp. 346 (E.D.Mo.1971); *Edwards v. Vasel,* 349 F.Supp. 164 (E.D.Mo.1972) aff'd, 469 F.2d 338 (Eighth Cir. 1972); *Chicago's Last Dept. St. v. Indiana Alcoholic Bev. Com'n.,* 161 F.Supp. 1 (N.D.Ind.1958); *Johnson v. Hackett,* 284 F.Supp. 933 (E.D.Pa.1968). Thus, in order for Gonce to be held liable herein for acting in concert with Croft it would have to be shown that in the course of the activity Croft acted under color of State law and not merely in a private capacity. However, as Plaintiff could conceivably prove facts showing that Croft was acting under color of State law and that Gonce

3.  See also *Gillibeau v. City of Richmond,* 417 F.2d 426 (Ninth Cir. 1969) and *Mizell v. North Broward Hospital District,* 427 F.2d 468 (Fifth Cir. 1970).

4.  The facts of *Perkins v. Rich,* 204 F.Supp. 98 (D.Del.1962) aff'd, 316 F.2d 236 (Third Cir. 1963) are markedly parallel to the facts herein alleged. The plaintiff called the defendant, a police officer, in the middle of the night and used obscene language in violation of a Delaware statute. The next morning the defendant signed a warrant for the arrest of the plaintiff.

was acting in concert with him, Gonce's Motion To Dismiss should be overruled insofar as it pertains to 42 U.S.C. § 1983.

The Motion To Dismiss at issue before the Court herein should be granted insofar as it pertains to Plaintiff's cause of action against Gonce under 42 U.S.C. § 1985. It should be overruled insofar as it pertains to Plaintiff's cause of action against Gonce under 42 U.S.C. § 1983.

The plaintiff brought an action against defendant under the Civil Rights Act (42 U.S.C. § 1983). The defendant made a motion to dismiss for failure to state a claim upon which relief can be granted which motion was sustained by the Court. The Court stated:

> ". . . It [the Civil Rights Act, § 1983] has no application to those acts purely private in nature without any official character or color even though those acts be done by one who is also a public official."